IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01220-ZLW-MJW

NEAL BEIDLEMAN, et al.,

Plaintiffs,

v.

HOLT RINEHART AND WINSTON, a division of HARCOURT, INC., and
R.R. DONNELLEY & SONS COMPANY,

Defendants.

---

**ORDER REGARDING
PLAINTIFF'S FIRST MOTION TO COMPEL DISCOVERY FROM HOLT, RINEHART
AND WINSTON (DOCKET NO. 52)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's First Motion to Compel Discovery from Holt, Rinehart and Winston (docket no. 52). The court has reviewed the subject motion (docket no. 52), the response (docket no. 55), and the reply (docket no. 56). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

The is an action for copyright infringement under 17 U.S.C. § 101, et seq. (the "Copyright Act" or the "Act"), and Common law fraud and fraudulent concealment under Colorado law, brought by Plaintiffs Beideman, McKenzie and Price against publisher Holt, Rinehart and Winston ("HRW") and its printer R.R. Donnelley & Sons Company.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That as to Request for Production ("RFP") #1, this RFP is overly broad and not specific as to a time frame, and therefore no further response is required;

5. That as to RFP #2, this RFP is overly broad and not specific as to a time frame, and therefore no further response is required;

6. That as to RFP #3, this RFP is overly broad and not specific as to a time frame, and therefore no further response is required;

7. That as to RFP #4, this RFP is overly broad and not specific as to a time frame, and therefore no further response is required;

8. That as to RFP #5, this RFP is overly broad and not specific as to a time frame, and therefore no further response is required;

9. That as to RFP #6, this RFP is overly broad and not specific as to a time frame, and therefore no further response is required;

10. That as to RFP #8, this RFP is overly broad and not specific as to a time frame, and therefore no further response is required;

**From the Plaintiff's First Set of Interrogatories to Defendant**

**HRW served on October 3, 2007**

11. That as to Interrogatory ("ROG") #2, this ROG is overly broad and not specific as to a time frame, and therefore no further response is required;

12. That as to ROG #3, this ROG should be answered by Defendant HRW;

13. That as to ROG #6, this ROG should be answered by Defendant HRW;

**From the Plaintiff's Second Set of Interrogatories to Defendant HRW served October 22, 2007**

14. That as to ROG #9, this ROG should be answered by Defendant HRW;

15. That as to ROG #11, this ROG should be answered by Defendant HRW;

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's First Motion to Compel Discovery from Holt, Rinehart and Winston (docket no. 52) is **GRANTED IN PART AND DENIED IN PART**;

2. That the subject motion (docket no. 52) is **GRANTED** insofar as Interrogatories 3 and 6 from the Plaintiff's First Set of

Interrogatories to Defendant HRW served on October 3, 2007, and Interrogatories 9 and 11 from Plaintiff's Second Set of Interrogatories to Defendant HRW served October 22, 2007. Defendant HRW shall provide full and complete responses to these interrogatories on or before May 16, 2008;

3. That the remainder of the subject motion (docket no. 52) is **DENIED**; and,

4. That each party shall pay their own attorney fees and costs since that an award of expenses under these circumstances is unjust.

Done this 5th day of May 2008.

                                                       BY THE COURT

                                                       s/ Michael J. Watanabe
                                                       MICHAEL J. WATANABE
                                                       U.S. MAGISTRATE JUDGE