## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01220-ZLW-MJW

NEIL BEIDLEMAN, CAROLINE MACKENZIE and JEANNIE PRICE

Plaintiffs,

v.

HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY and
R. R. DONNELLEY & SONS COMPANY

Defendants.

_____

### PLAINTIFFS' THIRD AMENDED COMPLAINT
(jury trial demanded)
_____

Plaintiffs Neil Beidleman (Beidleman), Caroline Mackenzie (Mackenzie) and
Jeannie Price (Price) for their Third Amended Complaint against Defendants Houghton
Mifflin Harcourt Publishing Company (HMH) and R. R. Donnelley & Sons Company
(RR Donnelley), allege as follows:

### STATEMENT OF ACTION

This is an action for copyright infringement and related claims brought by
Plaintiffs Beidleman, the holder of all copyrights to two photographs described hereafter;
Mackenzie, the holder of all copyrights to one photograph described hereafter; and Price,

the holder of all copyrights to one photograph described hereafter, all originally licensed for limited use by Defendant HMH, against Defendants for unauthorized uses of Plaintiffs' copyrighted works.

## PARTIES

1.      Neal Beidleman is a United States citizen residing in Aspen, Colorado, and an engineer, inventor, mountaineer and photographer.

2.      Caroline Mackenzie is a New Zealand citizen residing in Christchurch, New Zealand and a medical doctor and photographer.

3.      Jeannie Price is a United States citizen residing in Bellevue, Washington and the surviving spouse and heir of Scott Fischer (Fischer), a world famous mountaineer and Mt. Everest expedition leader.

4.      HMH is a publisher with its primary offices in Boston, Massachusetts.  HMH regularly does business in Colorado and sells and distributes textbooks all over the United States, including *Elements of Literature, Fourth Course, 2000 edition* and subsequent editions, and *Holt Literature and Language Arts, Fourth Course, 2003 edition*, in which Plaintiffs' works are unlawfully reproduced as hereafter described.  At all relevant times, HMH acted through its division Holt, Rinehart and Winston (HRW), a textbook publisher.

5.      RR Donnelley is the world's premier full-service printer with its global headquarters in Chicago, Illinois.

## JURISDICTION AND VENUE

1.      This is an action for injunctive relief, monetary damages, punitive damages, and interest under the copyright laws of the United States and Colorado common law.

2

2.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3.     Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

## FACTS COMMON TO ALL COUNTS

1.     Beidleman, Mackenzie and Fischer participated in the 1996 Mt. Everest expedition as a guide, base camp doctor and expedition leader, respectively.  Beidleman and Mackenzie survived the "deadliest day on Everest" as May 10, 1996 came to be known, but eight others did not, including expedition leaders Scott Fischer and Rob Hall.

2.     Beidleman is the owner, creator and exclusive copyright holder of two original works of photography, "rope in wind" and "Doug Hansen approaching the summit" (copies of which are attached as exhibits 1 and 2 respectively) duly registered with the U.S. Copyright Office as #VA 1-340-735, which Defendants have unlawfully used without Beidleman's authority, license or permission.

3.     The photograph "rope in wind" was taken by Beidleman on May 10, 1996 as he was ascending Mt. Everest.   "Rope in wind" captures the stark, forbidding beauty of Everest at the Hillary Step, some two hundred feet from the 29,035 foot summit. Beidleman's photograph "Doug Hansen approaching the summit" is the last known photograph of one of Rob Hall's client-climbers who reached the summit but died of oxygen deprivation and exposure in the storm that engulfed him later that day.

4.     Mackenzie is the owner, creator and exclusive copyright holder of an original work of photography, "Rob Hall/Adventure Consultants group photograph" (a copy of which is attached as exhibit 3) duly registered with the U.S. Copyright Office as #VA 1-

421-808, which Defendants have unlawfully used without Mackenzie's authority, license or permission.

5.      Mackenzie's photograph "Rob Hall/Adventure Consultants group photograph" was taken at the Mt. Everest base camp before the catastrophic storm struck.

6       Price, as Fischer's heir, is the exclusive copyright holder of an original work of photography, "Rob Hall standing portrait" (a copy of which is attached as exhibit 4) duly registered with the U.S. Copyright Office as #VA 1-426-155, which Defendants have unlawfully used without Price's authority, license or permission.

7.      Because HRW recognized the events surrounding the 1996 Mt. Everest expedition are compelling on many levels, HRW sought to include the story, told in part using Plaintiffs' photographs, in its 10th grade literature textbooks.  Knowing it needed Plaintiffs' permission to use their photographs, HRW contacted Plaintiffs, through their agent, as detailed below.

8.      In 1999 Beidleman, Mackenzie and Price, acting through their agent Woodfin Camp & Associates (WC&A), sold HRW limited licenses (copies of which are attached as exhibit 5) to copy and print 40,000 copies of their photographs (the photographs) in the year 2000 edition of HRW's textbook *Elements of Literature, Fourth Course*, for distribution in the United States.

9.      In 2002 Beidleman, Mackenzie and Price, acting through their agent WC&A, sold HRW limited licenses (copies of which are attached as exhibit 6) to copy and print under 40,000 copies of the photographs in the year 2003 edition of HRW's textbook *Holt Literature and Language Arts, Fourth Course*, for distribution in the United States.

4

10.     In 2003 Beidleman, Mackenzie and Price, acting through their agent Woodfin Camp & Associates (WC&A), sold HRW limited licenses (copies of which are attached as exhibit 7) to copy and print under 100,000 copies of the photographs in the year 2005-2010 edition of HRW's textbook *Elements of Literature, Fourth Course*, for distribution in the United States.

11.     WC&A was induced to price and sell geographically limited licenses for 40,000 copies or 100,000 copies of the photographs because of HRW's misrepresentation that it was seeking limited licenses for North American or United States distribution of the textbooks for a "press run calculated at 40,000" and for "an anticipated print run of under 40,000" and for a "PRESS RUN: Under 100,000" (see exhibits 8, 9 and 10 respectively), which set forth the identity of the persons making the misrepresentations, the time, place and content of the misrepresentations, and the method by which the misrepresentations were communicated to Plaintiffs' agent).

12.     At the time HRW represented to WC&A it needed distribution and copy limited licenses to use the photographs in the years 2000 and 2005-2010 editions of *Elements of Literature, Fourth Course* and in the year 2003 edition of *Holt Literature and Language Arts, Fourth Course*, HRW knew its actual use would greatly exceed the permission it sought.

13.     HRW printed hundreds of thousands of copies of the 2000 and 2003 editions of *Elements of Literature, Fourth Course* but licensed rights to print 40,000 copies of the 2000 edition only.  HRW printed hundreds of thousands copies of the 2005-2010 edition of *Elements of Literature, Fourth Course* but licensed rights to print under 100,000

copies.  Upon information and belief, HRW distributed *Elements of Literature, Fourth Course* beyond the permitted geographic distribution area.

14.     HRW printed hundreds of thousands copies of *Holt Literature and Language Arts, Fourth Course* but licensed rights to print under 40,000 copies.

15.     When HRW exceeded the permissions it had been granted, HRW had a duty in equity and good conscience to disclosed these facts to Plaintiffs and WC&A.  This is especially so because HRW knew precisely when it exceeded the licenses in the printing, distribution, and sale of these textbooks.  Plaintiffs and WC&A had no such knowledge nor any reason to assume HRW was being deceitful in the use it was making of the photographs.   HRW  intended  by  its  misrepresentations  to  obtain  access  to  the photographs at a lower cost than it would have paid had it been honest in its dealings with Plaintiffs and WC&A and to conceal the copyright infringements that followed.  HRW's false and misleading representations did deceive Plaintiffs and WC&A, and did conceal the copyright infringements that followed.

16.     Since HRW fraudulently concealed its intended and unauthorized use of the photographs, Plaintiffs and WC&A were precluded, as a practical matter, from legally addressing HRW's wrongdoing.

17.     In 2007 Plaintiffs and WC&A, for the first time, discovered that HRW was using the photographs in its unlicensed, unauthorized, and uncompensated printings and distributions of the year 2000 and subsequent editions of *Elements of Literature, Fourth Course,* and the year 2003 edition of *Holt Literature and Language Arts, Fourth Course*, in violation of Plaintiffs' copyrights.

18.     HRW knew that its illegal use of the photographs over numerous years greatly exceeded the licenses it sought and paid for.  Yet even after an inquiry by Beidleman, HRW failed by its letter dated March 7, 2007 to Beidleman's counsel to honestly disclose its uses and thereafter failed to contact Plaintiffs Mackenzie or Price, or any other copyright holders similarly defrauded, to disclose its illegal uses and attempt to rectify the matter.   HRW has failed to cease and instead continues to infringe Plaintiffs' copyrights to this day.

19.     HRW's fraud was effective and worked as intended.  For years the infringements that followed HRW's fraud were concealed.  But for the fortuitous discovery of HRW's fraudulent acts by Beidleman, the infringing acts of HRW would still be concealed, as HRW intended.

20.     HRW hired Defendant RR Donnelley to print Plaintiffs' copyrighted works in *Elements of Literature, Fourth Course* and *Holt Literature and Language Arts, Fourth Course*.  RR Donnelley printed copies of Plaintiffs' copyrighted works without their license, authority or permission and has earned profits by such printings.

## COUNT I

### COPYRIGHT INFRINGEMENT AGAINST HMH RE: ELEMENTS OF LITERATURE, 2000 EDITION

21.     Plaintiffs repeat and reallege paragraphs 1 through 20 of this complaint with the same force and effect as if set forth in full above.

22.     The foregoing acts of HRW in printing and distributing the year 2000 edition of *Elements of Literature, Fourth Course* constitute infringements of Plaintiffs' copyrights in the photographs in violation of 17 U.S.C. § 501 et seq.

23.     Plaintiffs suffered damages as a result of HRW's unauthorized use of their photographs.

## COUNT II

### COPYRIGHT INFRINGEMENT AGAINST HMH RE: ELEMENTS OF LITERATURE, 2003 EDITION

24.     Plaintiffs repeat and reallege paragraphs 1 through 23 of this complaint with the same force and effect as if set forth in full above.

25.     The foregoing acts of HRW in printing and distributing the year 2003 edition of *Elements of Literature, Fourth Course* constitute infringements of Plaintiffs' copyrights in the photographs in violation of 17 U.S.C. § 501 et seq.

26.     Plaintiffs suffered damages as a result of HRW's unauthorized use of their photographs.

## COUNT III

### COPYRIGHT INFRINGEMENT AGAINST HMH RE: ELEMENTS OF LITERATURE, 2005-2010 EDITION

27.     Plaintiffs repeat and reallege paragraphs 1 through 26 of this complaint with the same force and effect as if set forth in full above.

28.     The foregoing acts of HRW in printing and distributing the years 2005-2010 edition of *Elements of Literature, Fourth Course* constitute infringements of Plaintiffs' copyrights in the photographs in violation of 17 U.S.C. § 501 et seq.

29.     Plaintiffs suffered damages as a result of HRW's unauthorized use of their photographs.

## COUNT IV

### COPYRIGHT INFRINGEMENT AGAINST HMH RE: HOLT LITERATURE AND LANGUAGE ARTS

30.     Plaintiffs repeat and realleges paragraphs 1 through 29 of this complaint with the same force and effect as if set forth in full above.

31.     The foregoing acts of HRW in printing *Holt Literature and Language Arts, Fourth Course* constitute infringements of Plaintiffs' copyrights in the photographs in violation of 17 U.S.C. § 501 et seq.

32.     Plaintiffs suffered damages as a result of HRW's unauthorized use of their photographs.

## COUNT V

### FRAUD AGAINST HMH

33.     Plaintiffs repeat and reallege paragraphs 1 through 32 of this complaint with the same force and effect as if set forth in full above.

34.     The foregoing acts of HRW constitute fraud in violation of Colorado common law.

35.     Plaintiffs suffered damages as a result of HRW's fraud.

## COUNT VI

### FRAUDULENT CONCEALMENT AGAINST HMH

36.     Plaintiffs repeat and reallege paragraphs 1 through 35 of this complaint with the same force and effect as if set forth in full above.

37.     The foregoing acts of HRW constitute fraudulent concealment in violation of Colorado common law.

38.     Plaintiffs suffered damages as a result of HRW's fraudulent concealment.

## COUNT VII

### COPYRIGHT INFRINGEMENT AGAINST RR DONNELLEY

39.     Plaintiffs repeat and reallege paragraphs 1 through 38 of this complaint with the same force and effect as if set forth in full above.

40.     The foregoing acts of RR Donnelley constitute infringements of Plaintiffs' copyrights in the photographs in violation of 17 U.S.C. § 106(1).

41.     Plaintiffs suffered damages as a result of RR Donnelley's unauthorized printing of their photographs.

**WHEREFORE**, Plaintiffs request the following:

1.      A preliminary and permanent injunction against Defendants and anyone working in concert with them from copying, displaying, distributing, advertising, promoting, selling or offering to sell Plaintiffs' photographs or creating, obtaining and using substantially similar works in any of the preceding ways and to deliver to the Court for destruction or other appropriate disposition of all materials, including digital files representing Plaintiffs' photographs described in this complaint in the control or possession of defendants.

2.      Actual damages and all profits derived from the unauthorized use of Plaintiffs' photographs.

3.      Court costs, expert witness fees, interest and all other amounts, including attorney's fees if authorized under law.

4.      Punitive damages against Defendant HMH.

5.      For such other and further relief as the Court deems just and proper.

Dated:  April 30, 2008

Respectfully submitted,


s/ Christopher Seidman
Christopher Seidman #7816
Harmon & Seidman LLC
PO Box 3207
Grand Junction, CO 81502
Telephone  (970) 245-9075
Fax (970) 245-8086
E-mail: chrisseidman@qwestoffice.net
Attorney for Plaintiffs

## **JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury of all issues permitted by law.