IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01220-ZLW-MJW

NEAL BEIDLEMAN, CAROLINE MACKENZIE and JEANNIE PRICE,

Plaintiffs,

v.

HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY and
R.R. DONNELLEY & SONS COMPANY,

Defendants.

---

### ORDER REGARDING
### PLAINTIFFS' *DAUBERT* MOTION TO EXCLUDE THE TESTIMONY OF JONATHAN D. PUTNAM (DOCKET NO. 87)
### AND
### DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF ANDREW POPINCHALK (DOCKET NO. 94)

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter was before the court on October 15, 2008, for hearing on Plaintiffs' *Daubert* Motion to Exclude the Testimony of Jonathan D. Putnam (docket 87) and Defendants' Motion to Exclude the Testimony of Andrew Popinchalk (docket no. 94). The court has considered the subject motions (docket nos. 87 and 94), the responses (docket nos. 99 and 107), and the replies (docket nos. 109 and 118) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered oral argument presented by the parties through counsel. The court now

being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motions (docket nos. 87 and 94);

4. That in the Third Amended Complaint, Plaintiffs seek actual damages and all profits derived from the unauthorized use of Plaintiffs' photographs;

5. That the damages portion of the Copyright Act provides in pertinent part: "The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, **and** any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. . . ." 17 U.S.C. § 504(b) (emphasis added). Thus, under this section a copyright owner may recover **both** his actual damages and the infringer's profits that are attributable to the infringement, so long as the infringer's profits are not duplicative of the actual damages award;

6. That Defendant has retained Jonathan D. Putnam as an expert witness . Mr. Putnam has written a Report consistent with Fed. R.

Civ. P. 26(a)(2). *See* exhibit 1 attached to the subject motion (docket no. 87);

7. That in Mr. Putnam's Report (exhibit 1 attached to the subject motion (docket no. 87)), Mr. Putnam offers the following opinions:

   a. That based on economic competitive input market theory, the market for copyrighted photographs for textbooks is such that many photographs are close substitutes, and copyright owners receive a flat fee rather than a portion of profits as compensation for use of their work. *See* Report at page 17;

   b. That copyright owners do not cause the profits of the products in which their works are used, therefore there are no profits attributable to the infringement to which they are entitled. *See* Report at page 18;

   c. That actual damages computed for overprinting the licensed photographs, calculated as the reasonable license fee that should have been paid for the total infringing quantity at market rates, must necessarily take into account the profits of the infringer attributable to the infringement. *See* Report at page 18;

   d. That in such a (textbook) market, copyright owners are fully compensated by the "market price" for a license and are not entitled to anything more from the

   infringer's profits. *See* Report at pages 3-4, 17-18; and,

 e. That there is simply no theoretical basis for the claim that the copyright holders are due some further compensation, i.e., that there is some profit attributable;

8. Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 589 (1993), the United States Supreme Court held that Federal Rule of Evidence 702 imposes a special obligation on the trial judge to ensure that scientific testimony is not only relevant, but reliable. To that end, the court specifically enumerated certain factors for trial courts to consider in determining reliability of scientific testimony.

Those factors include:

    (A)    Whether a theory or technique can be and has been tested;

    (B)    Whether it has been subjected to peer review and publication;

    (C)    Whether with respect to a particular technique, there is a high known or potential rate of error and whether there are standards controlling the technique's operations; and

    (D)    Whether the technique or theory enjoys general acceptance within a relevant scientific community.

Id. at 592-94.

Following Daubert, the United States Supreme Court held in Kuhmo Tire Co. Ltd. v. Carmichael, 526 U.S. 137 (1999), that the court may consider one or more of the specific factors mentioned in Daubert when doing so will help determine the reliability of testimony. Id. at 141. Further, the Daubert factors do not constitute a definitive checklist, and the reliability inquiry must be tied to the facts of a particular case. Id. at 150.

When faced with a proffer of expert scientific testimony, the court must determine at outset whether the expert is proposing to testify

to (1) scientific knowledge that (2) will assist trier of fact to understand or determine a fact in issue; the first determination tests reliability, whereas the second evaluates relevancy. F.R.E. 104(a) and 702, <u>Summers v. Missouri Pacific R.R. Sys.</u>, 132 F.3d 599 (10th Cir. 1997).

Several nondispositive factors should be considered when measuring reliability of a particular scientific theory or technique, that is, whether it: (1) can be and has been tested; (2) has been subjected to peer review and publication; (3) has known or potential rate of error; and (4) has attained general acceptance in pertinent scientific community.

9. That in <u>Kumho Tire Company, Ltd. v. Carmichael</u>, 526 U.S. 137 (1999), the United States Supreme Court clarified the important gatekeeping role that the trial court judge plays in determining the admissibility of expert evidence. In performing its "gatekeeper" function, the trial court judge has discretion in determining whether a proffered expert's testimony is admissible, based on whether it is both (1) relevant and (2) reliable. <u>See</u> <u>id.</u> at 147;

10. That Plaintiff and Defendants are not competitors, and therefore the duplicative damages situation as outlined in the Copyright Act as listed above does not apply in this case. Thus, the jury will have to decide in this case whether Plaintiffs should be awarded the

infringer's profits. Damages is therefore limited to: (1) whether any of Defendant's profits area attributable to the infringement and (2) whether those profits are already taken into account in the actual damages awarded to the Plaintiffs;

11. That the proffered opinions of Defendants' tendered expert witness, Jonathan D. Putnam, as listed above, will not assist the trier of fact (i.e., jury) to make a fair and reasonable assessment of damages under the Copyright Act and may lead to an incorrect assessment of allowable damages in this case. That Mr. Putnam's proffered opinions, as listed above, fail to meet the requirements under Fed. R. Evid. 702, <u>Daubert</u>, and <u>Kumho</u>, *supra*, because such proffered opinions are not in accord with the Copyright Act, and therefore Mr. Putnam's proffered testimony should be excluded;

12. That pursuant to Fed. R. Evid. 702, any proffered expert testimony should be excluded if the court determines that the proffered expert is not qualified by "knowledge, skill, experience, training, or education" to render an expert opinion. <u>Raltson v. Smith & Nephew Richards, Inc.</u>, 275 F.3d 965, 969 (10th Cir. 2000);

13. That Plaintiff's proffered expert witness, Andrew Popinchalk, has admitted repeatedly that he is not an expert in textbook selection. (*See* Mervis Decl. Ex. G at 99-100) (testifying that he does not consider himself an expert in textbook selection); <u>id.</u> at 83-84 (stating that he is "not on a level of expertise in [textbook selection]

field"); id. at 45-46 (stating that he has "never really worked with a state-wide selection system," and that teachers (like him) "don't have much of a say" in textbook selection)).  That Mr. Popinchalk's proffered expert testimony should be excluded under Fed. R. Civ. P. 702.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiffs' *Daubert* Motion to Exclude the Testimony of Jonathan D. Putnam (docket 87) is **GRANTED ;**

2. That Defendants' Motion to Exclude the Testimony of Andrew Popinchalk (docket no. 94) is **GRANTED;**

3. That each party shall pay their own attorney fees and costs for these motions (docket no. 87 and 94);

Done this 27th day of October, 2008.

                                                s/ Michael J. Watanabe
                                                MICHAEL J. WATANABE
                                                U.S. MAGISTRATE JUDGE